946 F.2d 1567
 292 U.S.App.D.C. 87
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
James BLACK, Appellant.
 No. 90-3188.
 United States Court of Appeals, District of Columbia Circuit.
 Sept. 18, 1991.
 
 Appeal from the United States District Court for the District of Columbia, Cr. No. 89-00452-01; Flannery, J.
 Before BUCKLEY, SENTELLE and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that appellant's conviction be affirmed for the reasons stated in the accompanying memorandum.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 On February 15, 1990, James Black was convicted of possession with intent to distribute 5 grams or more of cocaine base. Black testified that he found the drugs outside the halfway house at which he resided and that he intended to turn them in to his counselor. In his closing argument, defense counsel stated: "Mr. Black is a poor boy. Where would he have gotten 400 dollars to buy those drugs unless he found them [as] he said[?]" In rebuttal, the prosecutor remarked:
 
 
 5
 There are other people living in this halfway house. Did you ever have a party, a group party, office party? ... Somebody gives up ten dollars, five dollars, three dollars, or whatever, and one person, or two people as the case may be go out to some undisclosed location with all this money that is given them by somebody else and they make a bulk purchase, and they bring it back, and they share it with everybody else in the office.
 
 
 6
 Although defense counsel did not object to the prosecutor's remarks, the district court directed the prosecutor to "argue the evidence."
 
 
 7
 Black asserts that the office-party analogy was not supported by the record. The United States argues that the analogy was based on inferences reasonably drawn from the evidence. We do not decide whether the analogy was unsupported by the evidence, however, because the prosecutor's remarks, even if improper, do not warrant reversal.
 
 
 8
 In reviewing Black's challenge, we "must decide whether the improper remarks caused substantial prejudice to the defendant in light of the severity of the misconduct, the measures adopted to cure the misconduct, and the certainty of conviction absent the improper remarks." United States v. Perholtz, 842 F.2d 343, 361 (D.C.Cir.1988) (citations omitted). Because Black did not object to the remarks during trial, we evaluate his claim under the plain error standard. Thus, the remarks warrant reversal only if they "undermine[d] the fundamental fairness of the trial and contribute[d] to a miscarriage of justice." Id. (quoting United States v. Young, 470 U.S. 1, 16 (1985)).
 
 
 9
 We conclude that the prosecutor's remarks do not warrant reversal. The remarks were relatively brief and were confined to the prosecutor's closing argument. Moreover, defense counsel's suggestion that Black lacked funds to purchase the drugs was not supported by the record, and the prosecutor's remarks were an "invited" response to this defense argument. See United States v. Young, 470 U.S. at 12-13.
 
 
 10
 In addition, although the prosecutor's remarks concerned Black's intent to distribute the drugs, the central issue in the case, there was independent evidence of Black's intent. Black contended that he found the drugs and planned to give them to his counselor. The United States presented evidence, however, that Black repeatedly refused to be searched upon entering the halfway house, he did not inform the officer on duty or a counselor summoned to assist the officer that he had found the drugs and wished to turn them in to his counselor, and he relinquished the drugs only after a counselor felt them through Black's pants. Moreover, Detective Charles Di Domenico of the Metropolitan Police Department testified that the quantity of drugs seized from Black was consistent with distribution rather than personal use.
 
 
 11
 Finally, the district court minimized any prejudice resulting from the office-party analogy by directing the prosecutor to argue the evidence and by instructing the jury that the remarks of counsel during closing argument are not evidence.
 
 
 12
 Because the prosecutor's remarks did not undermine the fundamental fairness of the trial or contribute to a miscarriage of justice, we affirm Black's conviction.